**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000108
31-OCT-2024
08:34 AM
Dkt. 125 SO**

CAAP-21-0000108

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


SOPHIA KARSOM and ISMAEL JOHN, INDIVIDUALLY AND ON BEHALF OF
THEIR son, G.J., a minor, Plaintiffs-Appellants, v.
STATE OF HAWAIʻI AND THE HAWAI'I PUBLIC HOUSING AUTHORITY;
AND PLACIDO LUMABAO, Individually and as an employee, agent,
and/or independent contractor of the State of Hawaiʻi,
Defendants-Appellees, and
JOHN DOES 1-99; JANE DOES 1-99; DOE PARTNERSHIPS 1-99;
DOE CORPORATIONS 1-99; DOE GOVERNMENTAL ENTITIES 1-99;
and OTHER ENTITIES 1-99,
Defendants-Appellees

CITY AND COUNTY OF HONOLULU, Third-Party Plaintiff-Appellee v.
STATE OF HAWAIʻI, Third-Party Defendant-Appellee, and
DOE DEFENDANTS 1-50, Third-Party Defendants-Appellees

STATE OF HAWAIʻI, HAWAIʻI PUBLIC HOUSING AUTHORITY; and
PLACIDO LUMABAO, Third-Party Plaintiffs-Appellees v.
CYNTHIA KAMINANGA, Third-Party Defendant-Appellant, and
JOHN AND JANE DOES 1-10; DOE CORPORATIONS 1-10; and
DOE ENTITIES 1-10, Third-Party Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC171000843)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ.)

Plaintiffs-Appellants Sophia Karsom and John Smeal,

individually and on behalf of their minor son (**Child**)

(collectively, **Parents**) appeal from the February 17, 2021 First

Revised Judgment (**Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**) in favor of Third-Party Plaintiffs-Defendants-Appellees State of Hawaiʻi and Hawaiʻi Public Housing Authority (**HPHA**) (the **State**) and Placido Lumabao (**Lumabao**) (collectively, **Appellees**).[1]  The Parents also challenge the October 8, 2020 Order Granting [the State's] Motion for Summary Judgment [(**MSJ**)], Filed January 10, 2020 [(**State's MSJ**)] (**Order Granting State's MSJ**); the October 8, 2020 Order Denying as Moot [Parents'] Motion to Compel Discovery [(**Motion to Compel**)], Filed February 7, 2020 (**Order Denying Motion to Compel**); and the March 14, 2019 Order Granting [Lumabao's] [MSJ] [(**Lumabao's MSJ**)] Filed on November 20, 2018 (**Order Granting Lumabao's MSJ**).[2]

The Parents raise six points of error on appeal, contending that the Circuit Court:  (1) abused its discretion when it denied the Motion to Compel; (2) erred when it granted Lumabao's MSJ because Appellees failed to prove that Lumabao was a State employee and failed to prove that HPHA was a State agency; (3) erred when it granted the State's MSJ and Lumabao's MSJ because Appellees failed to properly respond to discovery requests; (4) erred in entering the Order Granting State's MSJ because it was sufficient to show that Lumabao's negligence was a substantial factor in causing Child's injuries; (5) erred in granting summary judgment because Lumabao's contradictory statements concerning which side of the maintenance golf cart driven by Lumabao hit Child created a genuine issue of material

---

[1]     The Honorable Lisa W. Cataldo presided.

[2]     The Honorable James C. McWhinnie presided.

fact for trial; and (6) erred in granting summary judgment because the Circuit Court required the Parents to prove negligence, as opposed to simply establishing that Appellees' actions were a contributing factor in causing Child's injuries.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Parents' points of error as follows:

(1)  The Parents argue that the Motion to Compel was timely, and that they were entitled to compel production of documents related to the ownership, maintenance and repair of the maintenance golf cart driven by Lumabao when it hit Child.

The February 7, 2020 Motion to Compel sought updates to the March 15, 2018 [State's] Response to [Parents'] First Request for Admissions and Production of Documents Dated November 14, 2017 (**State's Discovery Response**), in particular the Parents' Request for Admissions and Production of Documents No. 1, 6, 7, and Parents' **Discovery Requests**).  On February 20, 2020, the State filed a memorandum in opposition; no reply memorandum was filed.  Also on February 7, 2020, the Parents filed a motion to continue the March 3, 2020 trial date to obtain new imaging (X-rays, CAT scans, MRIs) of Child.  Pursuant to a minute order dated February 21, 2020, the trial date, along with the Parents' motions and the State's MSJ were continued to a later date to be rescheduled.

The Motion to Compel was heard, along with the State's MSJ (and another motion by the State), on September 15, 2020.

However, the Order Denying Motion to Compel states that the Circuit Court commenced the hearing with arguments on the State's MSJ, which was granted. The Order Denying Motion to Compel further states that due to the granting of summary judgment, the Motion to Compel was denied as moot (as was the State's motion). The Parents' failed to provide a transcript of the September 15, 2020 hearing.

The Parents make no argument and cite no legal authority concerning the issue of mootness, which is the stated basis for the Circuit Court's ruling. Nor do the Parents identify which of the four discovery requests identified in the Motion to Compel pertain to their contentions on appeal. It appears, however, that only one of the requests is related to the Parents' argument on appeal. Request for Admission (**RFA**) No. 7 states, in relevant part: "Admit that the vehicle that [Lumabao] was driving when he ran over [Child] . . . [had] "<u>NOT</u>" been inspected or properly maintained and the brakes were not in working order." The State denied this request. The related Request for Production (**RFP**) No. 7 states: "If your response to Request for Admission [No. 7] is anything but an unqualified admission, please produce copies of any documents or written evidence that supports your denial." The State responded: "This response is pending further investigation and discovery."

The State raises numerous procedural and substantive arguments supporting the Circuit Court's denial of the Motion to Compel, including the Parents' failure to comply with the Hawaiʻi Rules of Civil Procedure Rule 37(a)(2) requirement that a motion

to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." The State raised this argument in the Circuit Court, and the Parents did not file any reply. Moreover, RFP No. 7 only requests documents that support the denial of RFA No. 7 and does not request, for example, all documents related to the ownership, maintenance and repair of the maintenance golf cart driven by Lumabao when it hit Child. The State's position in opposition to the Motion to Compel was that their denial of RFA No. 7 was based in part on the police report, which they attached in response to RFA No. 1, and that the denial would be supported testimonially, noting that Lumabao denied any mechanical problems in the declaration he submitted with Lumabao's MSJ. In light of the failure to provide certification of an attempt to "meet and confer," and in light of the record before the Circuit Court and this court, including the Parents' failure to plainly request the documents now complained of and failure to explain why the request for documents in response to RFP No. 7 was not moot, we conclude that the Circuit Court did not abuse its discretion in denying the Motion to Compel.[3]

(2) The Parents argue that the Circuit Court erred when it granted Lumabao's MSJ because Appellees failed to prove that Lumabao was a State employee and failed to prove that HPHA

---

[3]     We decline to address the Parents' arguments concerning RFAs and RFPs that were not the subject of the Motion to Compel.

was a State agency. These arguments were not raised (or supported in any way) in opposition to Lumabao's MSJ, and therefore, they are waived. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4). In addition, in support of Lumabao's MSJ, Lumabao submitted a declaration averring, *inter alia*, that "[o]n August 26, 2016, I was a full-time employee of the [HPHA] of the Department of Human Services, State of Hawaii." We conclude that this argument is without merit.

(3) In their third point of error, the Parents argue that the Circuit Court erred when it granted the State's MSJ and Lumabao's MSJ because Appellees failed to properly respond to discovery requests. The Parents offer no additional support or rationale for their assertion that the Appellees failed to properly respond to the discovery requests. We conclude that this argument is without merit.

(4 & 6) The Parents argue that the Circuit Court erred in granting summary judgment in favor of the State because the court failed to follow O'Grady v. State, 140 Hawaiʻi 36, 398 P.3d 625 (2017), because it was sufficient to show that Lumabao's negligence was a substantial factor or a contributing factor in causing Child's injuries. The Parents did not raise these particular arguments in opposition to the State's MSJ. The gravamen of the Parents' opposition to the State's MSJ was that Lumabao's sworn statements concerning the incident, including with respect to which side of the maintenance golf cart struck Child when Lumabao hit and ran over Child, were changed to escape culpability. We conclude that the Circuit Court did not err in

failing to deny summary judgment based on O'Grady, as this argument was not raised in opposition to the State's MSJ and O'Grady is distinguishable because the trial court's conclusion as to duty and breach was not at issue. Id. at 43, 398 P.3d at 632.

(5) The Parents argue that the Circuit Court erred in granting summary judgment because Lumabao's contradictory statements concerning which side of the maintenance golf cart driven by Lumabao hit Child created genuine issues of material fact for trial. This argument was raised in opposition to Lumabao's MSJ in conjunction with the Parents' argument that Lumabao was not entitled to qualified immunity. In opposition to the State's MSJ, the Parents argue that the issue of which side hit Child is "a critical issue of material fact" because it shows that "Lumabao changed his sworn statements to escape culpability."

We first consider this argument in the context of Lumabao's MSJ. Lumabao argued that he was a State employee acting in the course and scope of his employment, that he did not act with malice or for an improper purpose when he injured Child, and that he was therefore entitled to the benefit of qualified immunity. "[N]on-judicial governmental officials, when acting in the performance of their public duty, enjoy the protection of what has been termed a qualified or conditional privilege." Towse v. State, 64 Haw. 624, 631, 647 P.2d 696, 702 (1982). However, the doctrine of qualified immunity applies to government officials – such as the lieutenant governor, the attorney

general, and the director of the department of social services and housing in <u>Towse</u>, and the director of the department of taxation in <u>Medeiros v. Kondo</u>, 55 Haw. 499, 522 P.2d 1269 (1974) – in the <u>exercise of their governmental discretion</u>. In other words, it applies to government officials when they are acting in furtherance of governing, and it does not apply to a State employee sued for alleged negligence while driving a maintenance golf cart. <u>See</u> <u>Slingluff v. State</u>, 131 Hawaiʻi 239, 244-47, 317 P.3d 683, 688-91 (App. 2013). Lumabao was a maintenance worker, not a government official.[4] The Circuit Court clearly erred in granting summary judgment in favor of Lumabao on the basis of qualified immunity, the sole ground raised in Lumabao's MSJ.

The State's MSJ argued that: (1) the State's waiver of its sovereign immunity for liability for torts of its employees does not include liability for punitive damages; (2) the State is immune from liability for intentional torts of employees; (3) the Parents are not entitled to an inference of *res ipsa loquitur*; (4) neither strict liability, ultrahazardous activities, nor gross negligence are implicated; and (5) the Parents have no evidence of a breach of duty sufficient to defeat summary judgment on their negligence claims. As the State appears to

_____

[4] The State's supplemental brief argues that Parents failed to make this argument in opposition to Lumabao's motion for summary judgment. Our decision is based on Lumabao's failure to meet his burden of production as the summary judgment movant; Lumabao did not show he was a government official to whom qualified immunity could apply. Even if a motion for summary judgment is unopposed, it should be granted only if the movant shows it is entitled to judgment as a matter of law. <u>U.S. Bank Tr., N.A. v. Verhagen</u>, 149 Hawaiʻi 315, 328 n.12, 489 P.3d 419, 432 n.12 (2021); <u>Arakaki v. SCD-Olanani Corp.</u>, 110 Hawaiʻi 1, 6, 129 P.3d 504, 509 (2006) ("[A] party need not affirmatively oppose a motion for summary judgment that fails to show prima facie (1) that the undisputed facts foreclose genuine issues as to any material facts and (2) that the moving party is entitled to judgment as a matter of law." (cleaned up)).

acknowledge, pursuant to HRS § 662-2 (2016), "[t]he State hereby waives its immunity for liability for the torts of its employees and shall be liable in the same manner and to the same extent as a private individual under like circumstances[.]" We view the evidence in the light most favorable to the nonmoving party, including Lumabao's conflicting statements concerning how he ran over Child and the other evidence in the record before the Circuit Court on the summary judgment motions. See, e.g., Omerod v. Heirs of Kaheananui, 116 Hawaiʻi 239, 254-55, 172 P.3d 983, 998-99 (2007).

On appeal, the Parents provide no cogent argument and/or evidence warranting reversal of the Circuit Court's granting of summary judgment in favor of the State with respect to liability for punitive damages, intentional torts, *res ipsa loquitur*, strict liability, ultrahazardous activities, or gross negligence. The Parents point to no evidence in the record supporting a claim of negligence stemming from the maintenance of the maintenance golf cart driven by Lumabao when he ran over Child.

However, it is undisputed that Lumabao was driving a maintenance golf cart on a sidewalk in a public housing complex occupied by numerous residents, including families with young children, like Child, who was three-years-old at the time that he was run over by Lumabao, trapped underneath the maintenance golf cart, and suffering serious injuries. Lumabao's initial statement to the police was that he "accidentally hit a child that was <u>sitting on the sidewalk</u> behind a park[ed] car. . . I

couldn't see the kid too low I run over with the left front tire[.]"  (Emphasis added.)  It is well-established in this jurisdiction that a driver, even one exercising the right of way on a roadway, must exercise due care so as to avoid injury to others.  Sherry v. Asing, 56 Haw. 135, 143, 531 P.2d 648, 655 (1975).  Due care is ordinary care and has been described as follows:

> 'Negligence is the doing of some act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, under the circumstances shown by the evidence.  It is the failure to use ordinary care.  Ordinary care is that care which persons of ordinary prudence would, under the circumstances shown by the evidence, exercise in the management of their own affairs in order to avoid injury to themselves or their property, or to the persons or property of others.  Ordinary care is not an absolute term, but a relative one.  That is to say, in deciding whether ordinary care was exercised in a given case, the conduct in question must be considered in the light of all the surrounding circumstances, as shown by the evidence.'

Id. at 142-43, 531 P.2d 654-55 (with the supreme court discussing the trial court's definition of due care approvingly).

Viewing the evidence in the light most favorable to the Parents, including the discrepancies in Lumabao's statements concerning the incident and all of the surrounding circumstances, we conclude that there was a genuine issue of material fact as to whether Lumabao breached his duty of ordinary care, causing injury and damages to Child.  Accordingly, we conclude that the Circuit Court erred in granting summary judgment in favor of Lumabao and the State on the Parents' negligence-based claims arising out of Lumabao's driving the maintenance golf cart over Child.

For these reasons, the February 17, 2021 Judgment is affirmed in part and vacated in part.  This case is remanded to

the Circuit Court for further proceedings consistent with this

Summary Dispostion Order.

DATED: Honolulu, Hawaiʻi, October 31, 2024.

On the briefs:                          /s/ Katherine G. Leonard
                                        Acting Chief Judge

JohnAaron Murphy Jones,
for Plaintiffs-Appellants.              /s/ Keith K. Hiraoka
                                        Associate Judge

Marie Manuele Gavigan,
Justine Hura,                           /s/ Karen T. Nakasone
Deputy Attorneys General,               Associate Judge
Department of the Attorney General,
State of Hawaiʻi,
for Defendants-Appellees.